**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| MID-AMERICAN BENEFITS, INC, a Nebraska corporation, and THE NEBRASKA ASSOCIATION OF RESOURCE DISTRICTS, a Nebraska non-profit corporation,<br><br>        Plaintiffs,<br>v.<br><br>RMTS, LLC, a New York limited liability company, and NATIONWIDE LIFE INSURANCE COMPANY, an Ohio corporation,<br><br>        Defendants. | CASE NO. 8:12-cv-96<br><br>**NOTICE OF REMOVAL** |

TO:   Mid-American Benefits, Inc., The Nebraska Association of Resource Districts, their attorneys, Milton A. Katskee and Melvin R. Katskee, and the Clerk of the United States District Court for the District of Nebraska.

Defendants RMTS, LLC ("RMTS") and Nationwide Life Insurance Company ("Nationwide"), by an through counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, give notice of the removal of this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. In support of this Notice of Removal, RMTS and Nationwide state as follows:

1.     On February 2, 2012, Plaintiffs Mid-American Benefits, Inc. ("Mid-American") and The Nebraska Association of Resource Districts ("NARD") filed this action against RMTS and Nationwide in the District Court of the State of Nebraska in and for Douglas County, captioned *Mid-American Benefits, Inc., et al. v. RMTS, LLC, et al.*, Case No. CI 12-860. RMTS was served with a Summons and copy of the Complaint via certified mail on February 8, 2012. Nationwide was served with a Summons and a copy of the Complaint via certified mail on February 6, 2012. Copies

of the Complaint, the Summons served on RMTS, and the Summons served on Nationwide are attached to this Notice of Removal as Exhibit A, Exhibit B, and Exhibit C, respectively.  Copies of all other documents filed in the District Court of Douglas County are attached to this Notice of Removal as Exhibit D.

2. The Complaint filed by Mid-American and NARD alleges a breach of an insurance contract between NARD and Nationwide.

3. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441 within the time limits prescribed by 28 U.S.C. § 1446(b).

4. As set forth in the Complaint, Mid-American is a corporation organized and existing under the laws of the State of Nebraska, and NARD is non-profit corporation organized and existing under the laws of the State of Nebraska.  Upon information and belief, both Mid-American and NARD have their principal place of business located within the State of Nebraska.

5. RMTS is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located in the State of New York.  None of the members of RMTS is a citizen of the State of Nebraska.

6. Nationwide is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located in the State of Ohio.

7. Complete diversity of citizenship exists between Mid-American and NARD, on the one hand, and RMTS and Nationwide on the other.

8. The alleged monetary damages sought by Mid-American and NARD exceed the sum or value of $75,000, exclusive of interest and costs.

9.     Accordingly, this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and that is removable pursuant to 28 U.S.C. § 1441(a).

10.    RMTS and Nationwide are removing this action to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

11.    RMTS and Nationwide will promptly give written notice of the filing of this Notice of Removal to Mid-American and NARD, as required by 28 U.S.C. § 1446(d).

12.    A copy of this Notice of Removal will promptly be filed with the District Court of Douglas County, Nebraska, as required by 28 U.S.C. § 1446(d).

13.    By filing this Notice of Removal, RMTS and Nationwide do not waive any of their affirmative defenses, including but not limited to their right to move to dismiss for lack of personal jurisdiction, improper process, improper service of process, improper venue, failure to state a claim, or failure to join a necessary party.

14.    RMTS and Nationwide will move, plead, or otherwise respond to the Complaint in this Court within the time prescribed by Rule 81(c)(2) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants RMTS, LLC and Nationwide Life Insurance Company remove this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska.

## REQUEST FOR PLACE OF TRIAL

Pursuant to Rule 40.1(b) of the Civil Rules of the United States District Court for the District of Nebraska, Defendants RMTS, LLC and Nationwide Life Insurance Company respectfully request that the trial of this action be held in Omaha, Nebraska.

By making this request solely to comply with Rule 40.1(b), Defendants do not waive any of their affirmative defenses, including but not limited to lack of personal jurisdiction, improper process, improper service of process, improper venue, failure to state a claim, or failure to join a necessary party.

Dated this 7th day of March, 2012

        RMTS, LLC and NATIONWIDE LIFE
        INSURANCE COMPANY, Defendants,


By:  s/Christopher R. Hedican
      Christopher R. Hedican (NE# 19744)
of   BAIRD HOLM LLP
      1500 Woodmen Tower
      1700 Farnam St
      Omaha, NE  68102-2068
      Phone: 402-344-0500
      Fax: 402-344-0588
      Email: chedican@bairdholm.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Milton A. Katskee, Esq.
    Melvin R. Katskee, Esq.


and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

    None.

                s/Christopher R. Hedican