IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MID-AMERICAN BENEFITS, INC., ) <br> a Nebraska corporation, and ) <br> THE NEBRASKA ASSOCIATION OF ) <br> RESOURCE DISTRICTS, a ) <br> Nebraska corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RMTS, LLC, a New York limited ) <br> liability company, and ) <br> NATIONWIDE LIFE INSURANCE ) <br> COMPANY, an Ohio corporation, ) <br> ) <br> Defendants. ) <br> _____) | 8:12CV96 <br><br> MEMORANDUM OPINION | |

This matter is before the Court on the motion of defendants RMTS, LLC ("RMTS") and Nationwide Life Insurance Company ("Nationwide") to dismiss or, in the alternative, to transfer venue (Filing No. 20, with accompanying brief, Filing No. 21). Plaintiffs Mid-American Benefits, Inc. ("Mid-American") and the Nebraska Association of Resource Districts ("NARD") filed a brief in resistance to the motion (Filing No. 23), to which defendants replied (Filing No. 24). Plaintiff NARD and defendant Nationwide are parties to a Stop Loss Insurance Contract (the "Contract"). The Contract contains a forum selection clause mandating venue for any legal action thereunder in Columbus, Ohio. Because the Court finds the forum selection clause enforceable, the Court will dismiss the action without prejudice.

**BACKGROUND**

Plaintiff Mid-American is a Nebraska corporation that "offers insurance claims administrative support and management services for companies and organizations," including NARD (Complaint, Ex. 1, Filing No. 1, ¶ 1). Plaintiff NARD is a Nebraska non-profit corporation that "has established a self-funded health care plan for certain of its employees" (*Id*. ¶ 2). Defendant Nationwide is an Ohio corporation with its principal place of business in Ohio (*Id*. ¶ 4; Ex. 3, Filing No. 1, at 1). Defendant RMTS is a New York limited liability company and is a managing general underwriter for the Contract between NARD and Nationwide (Ex. 1, Filing No. 1, ¶ 3, 4). Plaintiffs bring this lawsuit because they allege that defendants inappropriately denied coverage to certain insurance claims asserted on behalf of a NARD employee (*Id*. ¶ 5, 6).

Plaintiffs originally filed their complaint in Douglas County, Nebraska, District Court. Defendants removed the suit to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs do not dispute jurisdiction.

With this motion, defendants "move the Court to dismiss this action without prejudice or, in the alternative, transfer the action to the United States District Court for the Southern District of Ohio, Eastern Division, which is located in Columbus, Ohio" (Filing No. 20, at 1). Defendants argue that the Court

should dismiss the case without prejudice under either Federal Rule of Civil Procedure 12(b)(3) or 12(b)(6) because venue in Nebraska is not proper under the forum selection clause contained in the Contract.  The forum selection clause states:

> LEGAL ACTION: . . . All Contract terms will be interpreted under the laws of ths state shown on page 1 of this Contract [Nebraska]. . . . Venue for any legal action filed by either party under this Contract, shall be located in Columbus, Ohio.

(Ex. 3, Filing No. 1, at 18).  Plaintiffs oppose the motion, claiming that the forum selection clause is "unfair and unjust; altogether unreasonable within the context of this case" (Filing No. 23, at 12).

### APPLICABLE LAW[1]

As an initial matter, it should be noted that defendants move the Court pursuant to both Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), recognizing that the Eighth Circuit has not determined which of these subsections governs venue dismissals based on a forum selection clause (Filing No. 21, at 2).  *See Rainforest Café, Inc. v. EleckCo, LLC*, 340 F.3d 544, 545 n.5 (8th Cir. 2003) (declining to resolve whether a

---

[1] Both parties quote this Court's decision in *Mongold v. Universal Nationwide, L.L.C.*, 8:09CV86, 2009 WL 3297508 (D. Neb. Oct. 13, 2009).  Since the analysis of the law surrounding the applicability of the forum selection clause in that case is similar to the legal analysis required herein, the Court will review the applicable law as cited in *Mongold*.

motion to dismiss for improper venue should be brought under 12(b)(3) or 12(b)(6), because the defendant moved under both subsections). Since a determination of which subsection governs venue dismissals based on forum selection clauses is also non-essential here, the Court declines to determine which paragraph is the proper basis for the motion.

Because this is a diversity jurisdiction action, the Court must determine whether to treat the forum selection clause issue as substantive or procedural, which will, in turn, determine the choice of law. In *Rainforest Café*, the Eighth Circuit acknowledged a circuit split regarding whether the enforceability of a forum selection clause in a diversity jurisdiction case is a substantive or procedural issue. *Rainforest Café*, 340 F.3d at 546. Nevertheless, the Court concluded, "Because the parties have not argued that state law would result in a materially different outcome, we indulge their suggestion that we interpret the forum selection clause under federal law." *Id.* In a later case, the Eighth Circuit stated more unequivocally, "[E]nforcement, or not, of the contractual forum selection clause [is] a federal court procedural matter governed by federal law." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 538 (8th Cir. 2009). The Court will apply federal law to resolve this forum selection clause dispute.

"Forum selection clauses are *prima facie* valid and enforceable unless they are unjust or unreasonable or invalid." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). Courts must scrutinize a forum selection clause in a form contract for fundamental fairness. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). A forum selection clause can be fundamentally fair even when it is found in a contract between a business entity and an individual consumer. *Carnival*, 499 U.S. at 595. A forum selection clause is "enforceable unless [it] would actually deprive the opposing party of his fair day in court." *M.B. Restaurants*, 183 F.3d at 752. A forum selection clause is still enforceable even when it is the product of a form contract and was not actually negotiated or bargained for. *Carnival*, 499 U.S. at 593; *M.B. Restaurants*, 183 F.3d at 752.

In *Carnival*, the U.S. Supreme Court determined that a forum selection clause in a contract between a cruise line and its passengers was enforceable. *Carnival*, 499 U.S. at 595. In that case, a passenger from the state of Washington was injured during a cruise off the coast of Mexico, and she and her husband sued Carnival in federal court in the Western District of Washington. *Id.* at 588. Carnival moved for summary judgment, arguing that the forum selection clause found on the back of the

passenger's ticket stub required the passenger to bring suit in Florida, where Carnival was headquartered. *Id.* at 587, 588.

The Supreme Court determined that the forum selection clause at issue was reasonable because "a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit." *Id.* at 593. Because it was foreseeable that passengers from many locales could potentially be injured on the cruise, it was reasonable for Carnival to limit the number of places where an action against it could be brought. *Id.* (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972)).

In addition, the Court determined that the forum selection clause was reasonable because it dispelled any confusion regarding where to bring suits arising from the contract, "sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.* at 593-94.

Finally, the Court decided that the forum selection clause in *Carnival* was fundamentally fair because (1) there was no indication that the particular forum was chosen to discourage "passengers from pursuing legitimate claims," (2) the cruise line had its principal place of business in the forum state, (3) the cruise line did not commit fraud or overreach in obtaining the

-6-

passengers' assent to the forum selection clause, and (4) the passengers "presumably retained the option of rejecting the contract with impunity." *Id.* at 595.

## DISCUSSION

Here, just as Carnival served a national clientele in operating its cruise line, Nationwide also serves a substantially national clientele in its insurance business (Filing No. 21, at 7). The fact that Nationwide must qualify to do business as an insurance carrier in each state, as emphasized by defendants, has no bearing on this fact. Thus, it is reasonable for Nationwide to limit the number of places where an action may be brought against it. Furthermore, as in *Carnival*, plaintiffs have presented nothing to indicate that Nationwide chose Ohio as a forum for any illegitimate reason. Nationwide is an Ohio corporation, with its principal place of business in Columbus, Ohio, and has a legitimate interest in litigating in that state.

As in *Carnival*, Nationwide did not procure the forum selection clause through fraud or overreaching, and plaintiffs had the option to reject the forum selection clause with impunity. Moreover, in *Carnival*, the plaintiffs were individuals whose lack of legal sophistication was not sufficient to prevent the forum selection clause from operating. Here, defendants point out that Mid-American "is in the business of offering 'insurance claims administrative support and management

services'" and that it "represents 'more than 100 Midwest corporations,' including NARD, and has been in business since 1981" (Filing No. 21, at 5, citing the complaint and Mid-American's website). Similarly, NARD is not an individual, but a non-profit corporate employer. Two corporate plaintiffs can be assumed to be better acquainted with the terms of the contract into which they entered than can two individual passengers.

However, plaintiffs also claim that insurance contracts, as contracts of adhesion, should be treated differently when construing a forum selection clause. Defendants claim that this view is anachronistic, stating, "In modern jurisprudence, federal courts regularly enforce forum selection clauses in insurance contracts" (Filing No. 21, at 8, collecting cases). The Court is not convinced that any distinction is to be made between insurance contracts and other contracts with respect to forum selection clauses.

While it is true that the plaintiffs may experience some extra costs and inconvenience by litigating in Ohio as opposed to Nebraska, this disadvantage was part of the bargaining process at the time the contract was made. "[M]ere inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 790 (8th Cir. 2006) (quotation omitted). "Instead, a party seeking to avoid his promise must
-8-

demonstrate that proceeding in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* (quotation omitted). The Court finds that plaintiffs have not made a sufficient showing of grave difficulty to defeat the forum selection clause.

Once the forum selection clause has been found valid, the Court must determine whether to dismiss the action or to transfer venue. Generally, courts favor transfer of an action under 28 U.S.C. § 1404(a) over dismissal if a forum selection clause dictates venue in another federal district. 14D Charles A. Wright et al., *Federal Practice and Procedure* § 3803.1 at 75 (3d ed. 2007). However, when "the valid forum selection clause mandates venue in a state . . . court, Section 1404 has no application." *Id.* at 117. In such situations, the Court must dismiss or remand the case. *Id.*

In this case, the forum selection clause states, "Venue for any legal action filed by either party under this Contract, shall be located in Columbus, Ohio." (Ex. 3, Filing No. 1, at 18). Because the forum selection clause does not dictate venue in a federal court, transfer under § 1404 is not proper. In addition, plaintiffs make no argument as to whether they prefer that the Court dismiss the case or transfer venue; plaintiffs do not engage in the typical analysis evaluating

transfer as laid out in 28 U.S.C. § 1404(a) and *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688 (8th Cir. 1997). Consequently, while plaintiffs will have the option of bringing their case in the United States District Court for the Southern District of Ohio, the Court will not prevent plaintiffs from exercising their option of bringing the case in an Ohio state court of appropriate venue and jurisdiction.  For these reasons, the Court will not transfer venue, but will dismiss the case without prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 5th day of June, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court